FILED

2024 Jan-08  PM 12:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| **TIM WRIGHT,**<br><br>                    **Plaintiff,**<br><br>        **-v-**<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, ENTERGY CORP. and STRIDE BANK,**<br><br>                    **Defendants.** | **Civil Case Number:**<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      Plaintiff, Tim Wright, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Transunion") and Equifax Information Services, LLC ("Equifax"), Entergy Corporation ("Entergy") and Stride Bank ("Stride"), negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2.      Plaintiff further alleges that Defendants failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to conduct reasonable investigations in response to Plaintiff's disputes.

3.      Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4.      The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. §

-1-

1681p.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6.      Plaintiff, Tim Wright ("Plaintiff"), is a resident of Madison, Alabama and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7.      Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8.      Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

9.      Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10.      Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

11.     Defendant TransUnion, LLC ("Transunion") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

12.     TransUnion is a limited liability company with its principal place of business at 555 W. Adams Street, Chicago, IL 60661.

13.     Defendant Entergy Corporation ("Entergy") is an energy utilities provider with its headquarters located in New Orleans, Louisiana.

14.     Defendant Stride Bank ("Stride") is a national financial institution with its headquarters located in Buffalo, New York.

## FACTUAL ALLEGATIONS

15.     Sometime prior to February of 2023, Plaintiff discovered that a number of inaccurate tradelines were being reported on his credit report. Specifically, Plaintiff discovered the following inaccuracies:

- NOPSI/ENTERGY – Account No. 164227175 – Balance: $391 – account charged off; and

16.     CHIME/STRIDE BANK, NA – Account No. 668114XXXXXX – Balance $94.

17.     These accounts contained inaccurate information because 1) Plaintiff was not associated with the NOPSI/ENTERGY account, as this account was for utilities provided in New Orleans, where Plaintiff and never resided; and 2) Plaintiff had consistently paid the entire balance on his Chime account, and therein should not have had a balance report.

18.     Accordingly, on or about March 20, 2023, Plaintiff sent disputes regarding this account via certified mail to Experian, Transunion, and Equifax, specifically indicating that the NOPSI/ENTERGY account was not his, that he did not owe a balance on the Stride account, and that this information should be correct and/or removed.

19.     Following receipt of Plaintiff's disputes, Experian failed to conduct a reasonable investigation, correct or remove the inaccurate NOPSI/ENTERGY and Stride accounts from the Plaintiff's credit file. Instead, that information is still being reported to this day.

20.     Upon information and belief, Experian had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

21.     Similarly, TransUnion refused to investigate, correct or remove the NOPSI/ENTERGY and Stride accounts from the Plaintiff's credit file.  Instead, that information is still being reported to this day.

22.     Upon information and belief, TransUnion had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

23.     Equifax also refused to investigate, correct or remove the NOPSI/ENTERGY and Stride accounts from the Plaintiff's credit file.  Instead, that information is still being reported to this day.

24.     Upon information and belief, Equifax had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

25.     Experian, Equifax, Transunion, Entergy and Stride were each notified of the respective disputes but refused to investigate and/or remove inaccurate reporting.

26.     At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and

1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

27.     Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

28.     In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

29.     As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life, by the impact that this derogatory information has had on his credit score and the defamatory harm that Plaintiff has suffered as a result of having this fraudulent, negative information attributed to him and disseminated to creditors. For example, Plaintiff has been denied credit due to these derogatory inaccuracies.

30.     Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in his daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

<u>COUNT I</u>
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15  U.S.C. § 1681i**
**AGAINST EXPERIAN**

31.     All preceding paragraphs are realleged.

32.     At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

33.     The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the

accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

34.    On or about March 20, 2023, the Plaintiff initiated disputes with Experian requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him, namely the damaging NOPSI/ENTERGY and Stride accounts.

35.    Upon information and belief, Equifax received Plaintiff's disputes.

36.    Experian, having either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate account on the Plaintiff's credit file, something that any basic investigation would have prevented.

37.    As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST EXPERIAN

38.    All preceding paragraphs are realleged.

39.    Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

40.    Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate NOPSI/ENTERGY and Stride accounts information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

41. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15  U.S.C. § 1681i**
**AGAINST EQUIFAX**

42. All preceding paragraphs are realleged.

43. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

44. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

45. On or about March 20, 2023, the Plaintiff initiated disputes with Equifax requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him, namely the damaging NOPSI/ENTERGY and Stride accounts.

46. Upon information and belief, Equifax received Plaintiff's disputes.

47. Equifax, having either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate account on the Plaintiff's credit file, something that any basic investigation would have prevented.

48. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT IV
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST EQUIFAX

49.     All preceding paragraphs are realleged.

50.     Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

51.     Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate NOPSI/ENTERGY and Stride accounts information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

52.     As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT V
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST TRANSUNION

53.     All preceding paragraphs are realleged.

54.     At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

55.     The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the

consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

56.     On or about March 20, 2023, the Plaintiff initiated disputes with Transunion requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him, namely the damaging NOPSI/ENTERGY and Stride accounts.

57.     Upon information and belief, Transunion received Plaintiff's disputes.

58.     Transunion, having either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate account on the Plaintiff's credit file, something that any basic investigation would have prevented.

59.     As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff have been harmed, as explained above.

<u>**COUNT VI**</u>
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST TRANSUNION**

60.     All preceding paragraphs are realleged.

61.     Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

62.     Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate NOPSI/ENTERGY and Stride accounts information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

63.     As a direct and proximate result of Transunion's willful and/or negligent failure to

follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT XI

**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 U.S.C. § 1681s-2(b)**
**AGAINST ENTERGY**

64.    All preceding paragraphs are re-alleged.

65.    Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

66.    On or around March 20, 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by Entergy.

67.    Upon information and belief, Entergy received notice of these disputes from the credit bureaus.

68.    Entergy was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

69.    Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, Entergy refused to conduct a reasonable investigation and continued inaccurately reporting the inaccurate account on Plaintiff's credit reports.

70.    Entergy's conduct violated section 1681s-2(b) of the FCRA.

71.    As a result of Entergy's conduct, Plaintiff was harmed, as discussed above.

## COUNT X

**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 U.S.C. § 1681s-2(b)**
**AGAINST STRIDE**

72.    All preceding paragraphs are re-alleged.

73.    Furnishers of credit information have a duty under the FCRA to investigate disputes

from consumers as to the accuracy of information being reported.

74.    On or around March 20, 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by Stride.

75.    Upon information and belief, Stride received notice of these disputes from the credit bureaus.

76.    Stride was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

77.    Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, Stride refused to conduct a reasonable investigation and continued inaccurately reporting the inaccurate account on Plaintiff's credit reports.

78.    Stride's conduct violated section 1681s-2(b) of the FCRA.

79.    As a result of Stride's conduct, Plaintiff was harmed, as discussed above

## DEMAND FOR TRIAL BY JURY

80.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A.  Awarding Plaintiff actual damages;

B.  Awarding Plaintiff statutory damages;

C.  Awarding Plaintiff punitive damages;

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E.  Awarding pre-judgment interest and post-judgment interest;

F.  A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully

above;

G.  Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct

alleged herein; and

H.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.


Dated: January 8, 2024

/s/ David I. Schoen
David I. Schoen, Esq.
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
Tel: (334) 395-6611
Email: schoenlawfirm@gmail.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
yzelman@marcuszelman.com
Pro Hac Vice Motion Forthcoming
*Attorney for Plaintiff*